| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>FOX ROTHSCHILD LLP<br>75 Eisenhower Parkway, Suite 200<br>Roseland, NJ 07068<br>Telephone: (973) 992-4800<br>Fax: (973) 992-9125<br>Michael R. Herz (MH-5889)<br>Attorneys for Catherine E. Youngman<br>Chapter 7 Trustee | |
| In Re:<br><br>NEW CENTURY TRANSPORTATION, INC.<br>NORTHWIND LOGISTICS, LLC<br>WESTERN FREIGHTWAYS, LLC<br><br>                    Debtors. | Chapter 7<br><br>Case No. 14-22093-MBK<br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, Chapter 7 Trustee,<br><br>                    Plaintiff,<br><br>v.<br><br>PTL XPRESS CORP.,<br><br>                    Defendant. | Adv. Pro. No. 16- |

## COMPLAINT TO AVOID AND RECOVER PRE-PETITION TRANSFERS

Catherine E. Youngman, the chapter 7 trustee (the "Plaintiff or "Trustee") for New Century Transportation, Inc., Northwind Logistics, LLC, and Western Freightways, LLC (the "Debtors"), through her attorneys, Fox Rothschild LLP, as and for her complaint against PTL

Xpress Corp. (the "Defendant"), to avoid and recover pre-petition transfers, alleges the following:

## JURISDICTION AND VENUE

1. This adversary proceeding arises under 11 U.S.C. §§ 502(d), 547, 548, and 550, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

3. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §§ 157(b)(2).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND AND PARTIES

5. On June 11, 2014 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

6. The Debtors operated a national shipping and logistics business.

7. On June 12, 2014, the Office of the United States Trustee appointed Plaintiff to serve as the chapter 7 trustee for the Debtors' bankruptcy estates.

8. On June 18, 2014, the Court entered an order providing for the joint administration of the Debtors' estates.

9. The Defendant is a business entity that, upon information and belief, maintains a business address at 540 Marshall Street, PB 2, Phillipsburg, New Jersey 08865, and/or 185 Tonnelle Avenue, 1st Floor, Jersey City, New Jersey 07306.

## COUNT ONE
### (Avoidance and Recovery of Prepetition Transfers Pursuant to 11 U.S.C. §§ 547(b) and 550(a))

10. Plaintiff repeats each and every allegation previously set forth in this complaint as if fully set forth herein.

11. Within the ninety (90) days prior to the Petition Date, the Debtors made or caused to be made nine (9) transfers to the Defendant totaling $109,975.00 (the "Transfers") as more specifically set forth on Exhibit A hereto.

12. The Debtors had an interest in each of the Transfers.

13. The Defendant was a creditor of one or more of the Debtors at the time of each of the Transfers.

14. The Transfers were made to or for the benefit of the Defendant.

15. The Transfers were made for or on account of an antecedent debt owed by one or more of the Debtors before each of the Transfers was made.

16. The Debtors were insolvent on the date of each of the Transfers, and are presumed to have been insolvent on and during the ninety (90) days prior to the Petition Date pursuant to 11 U.S.C. § 547(f).

17. As a result of each of the Transfers, the Defendant received more than it would have received (a) through this chapter 7 case; (b) if each of the Transfers had not been made; and (c) if the Defendant received payment on account of such debt to the extent provided by the provisions of the Bankruptcy Code.

18. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee(s), or the entity for whose benefits the Transfers

3

were made.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. Avoiding each of the Transfers pursuant to 11 U.S.C. § 547(b);

B. Recovery of the monetary value of the Transfers plus interest pursuant to 11 U.S.C. § 550(a);

C. Awarding attorneys' fees and costs; and

D. For such other and further relief as the Court deems just and proper.

### COUNT TWO
**(Avoidance and Recovery of Prepetition Transfers
Pursuant to 11 U.S.C. §§ 548(a) and 550(a))**

19. Plaintiff repeats each and every allegation previously set forth in this complaint as if fully set forth herein.

20. The Transfers were made within two years prior to the Petition Date.

21. The Transfers were made to or for the benefit of the Defendant.

22. To the extent that one or more of the Transfers were not on account of an antecedent debt or were prepayments for goods or services subsequently received, the Debtors did not receive reasonably equivalent value in exchange for the Transfers.

23. The respective Debtor that made each of the respective Transfers (i) was insolvent on the dates of the Transfers or became insolvent as a result of the Transfers; or (ii) was engaged in business or a transaction for which any property remaining with the respective Debtor was an unreasonably small capital at the time of, or as a result of the Transfers; or (iii) intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

    A.    Avoiding each of the Transfers pursuant to 11 U.S.C. § 548(a);

    B.    Recovery of the monetary value of the Transfers plus interest pursuant to 11 U.S.C. § 550(a);

    C.    Awarding attorneys' fees and costs; and

    D.    For such other and further relief as the Court deems just and proper.

## COUNT THREE
### (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

24. Plaintiff repeats each and every allegation previously set forth in this complaint as if fully set forth herein.

25. In the event that the Defendant is adjudged to be liable for the Transfers, or any portion thereof, any claims held by the Defendant against the Debtors' estates must be disallowed unless and until the Defendant pays the amount of its liability to the estate.

WHEREFORE, Plaintiff demands judgment against the Defendant as Follows:

    A.    Disallowing any claims held by the Defendant against the Debtors' estates to the extent that the Defendant is adjudged to be liable for any transfer of the Debtors' property as sought herein;

    B.    Awarding attorneys' fees and costs; and

    C.    For such further and other relief as the Court deems just and equitable.

    FOX ROTHSCHILD LLP
    Attorneys for Catherine E. Youngman
    Chapter 7 Trustee/Plaintiff

    By:    */s/ Michael R. Herz*
           Michael R. Herz (MH-5889)

Dated:   June 9, 2016